```
                                    OFFICE U.S. DIST. COURT
                                       AT ROANOKE, VA
                                            FILED

                                        FEB 25 2008

                                   JOHN F. CORCORAN, CLERK
                                   BY:
                                        DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL LEMONT WILLIAMS,         ) | |
|     Plaintiff,                              ) | Civil Action No. 7:08-cv-00174 |
|                                                   ) | |
| v.                                                   ) | **MEMORANDUM OPINION** |
|                                                   ) | |
| D. COLLINS, et. al.,                          ) | By: Hon. James C. Turk |
|     Defendants.                        ) | Senior United States District Judge |

Plaintiff Paul Lemont Williams, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Williams alleges that the defendant prison officials at Green Rock Correctional Center ("Green Rock") violated his constitutional rights when they charged him with a disciplinary infraction and transferred him to a higher security prison without a hearing. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

Williams alleges the following sequence of events from which his claims arise. On May 25, 2007, Williams's housing unit (Unit A-3 at Green Rock) was not called for their regular recreation period. Sgt. Tucker informed the inmates that because of a new recreation schedule that had been issued, only two other units would have recreation that evening. In response to this disappointment, inmates scheduled to work the 3:00 a.m. shift in the kitchen the next morning refused to go to their jobs. Once these workers explained the reasons for their work refusal, they were immediately locked

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Dockets.Justia.com

up and then shipped to Red Onion State Prison. Around 9:45 a.m., two officers came to Williams's cell and told him to get dressed. They took him to the segregation unit, where he was placed on "administrative hold" without a hearing. Several days later, he was charged with an institutional infraction for encouraging others to participate in a work stoppage or group demonstration. Without a hearing, he was transferred to Wallens Ridge State Prison, a higher level security institution.

Williams later learned that officers at Green Rock had reported receiving "reliable information from several sources" indicating that Williams was the instigator of the kitchen work stoppage. Williams alleges that no investigation of the incident was conducted before his transfer to Wallens Ridge.

On June 8, 2007, an officer at Wallens Ridge conducted an adjustment hearing on the disciplinary charge brought against Williams in connection with the kitchen work stoppage at Green Rock. The hearing officer found Williams guilty of the offense and penalized him with thirty days in isolation. After Williams appealed this ruling, the warden found an error in the proceedings and ordered that the conviction be expunged from Williams's record. Williams was then transferred to Buckingham Correctional Center, a lower security institution. He asserts that the three Green Rock officers who collected the reports that Williams instigated the kitchen work stoppage did so in order to bring a false disciplinary charge against him and "ruin [his] chances of freedom." He sues the three officers for monetary damages in the amount of $750,000 each and seeks a temporary restraining order enjoining prison officials from harassing or retaliating against him.

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation

resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted and in Virginia, have no constitutional right to a hearing before being transferred to a prison with less favorable conditions. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 223-224 (1976); Bartholomew v. Clawson, 594 F. Supp. 1121, 1126 (E.D. Va. 1984).

Inmates' liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In other words, where a change in a prisoner's housing assignment or a loss of privileges does not subject him to conditions that are significantly more harsh and different than basic prison conditions contemplated by his sentence, he has no claim for relief under the Due Process Clause or § 1983, even if the change occurred without all the state-created procedural protections. Id. Courts have found that Virginia's classification scheme governing prisoners' custody, security, and good conduct earning levels does not create a liberty interest in avoiding changes in these classifications, since an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of prison officials. Oliver v. Powell, 250 F. Supp.2d 593, 605 (E.D. Va.2002); Garrett v. Angelone, 940 F. Supp.2d 933, 943 (W.D. Va.1996). A state's failure to abide by its own procedural regulations before imposing disciplinary segregation or another less than favorable housing assignment is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is not actionable under § 1983. Finally, to the extent that the plaintiff is asserting

a claim that he was falsely charged, the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir.1986) (holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir.1984) (finding that so long as prison officials provide a prisoner with the proper procedural requirements then the prisoner has not suffered a constitutional violation).

### III

Williams does not specifically state the nature of the claims that he wishes to bring against the defendants related to his disciplinary charge and transfer. Upon review of the record and the applicable law, however, the court cannot find that his allegations give rise to any claim of constitutional proportions.

First, his transfer to Wallens Ridge, a higher level security institution, did not implicate any constitutional right, as he has no constitutional right to be housed in any particular prison or at any particular security level. Absent such a right, transfer without a hearing also does not violate any constitutional right. Williams fails to allege facts indicating that conditions at Wallens Ridge posed any atypical hardship so as to create a federally protected liberty right in avoiding assignment to that institution. Therefore, the constitution did not require prison officials to provide him with a hearing before the transfer. To the extent that state regulations may require a pre-hearing transfer, violations of state regulations are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over such possible state law claims, pursuant to 28 U.S.C. § 1367(c).

Second, even if Williams could prove his assertion that the defendants falsely charged him

4

with instigating the kitchen work stoppage at Green Rock, he has no constitutional claim against them for this action because he received due process on the charge. He received the procedural protections required: a hearing and then an opportunity to appeal the conviction. Indeed, the appeal was successful, as the warden overturned and expunged the charge from his record.

As Williams's allegations fail to state any claim actionable under § 1983, the court finds that plaintiff's complaint must be dismissed, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of February, 2008.

                                                Senior United States District Judge